GOLLATZ, GRIFFIN & EWING, P.C.
Attorneys for Defendants
By: Matthew J. Norris (MN-9929)
Four Penn Center, Suite 200
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103-2808
(215) 563 9400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
PRECISION IR INC.,

Plaintiff,

-against-

BRENT A. CLEPPER and TALKPOINT HOLDINGS,
L.L.C. D/B/A TALKPOINT COMMUNICATIONS,

Defendants.
-------------------------------------------------------------------- x

**ANSWER**

08 Civ. 6389 (VM)

Jury Trial Demanded

    Defendants Brent A. Clepper and TalkPoint Holdings, L.L.C. d/b/a TalkPoint Communications, by and through undersigned counsel, do hereby timely answer Plaintiff's Complaint (the "Complaint"), and allege in support thereof as follows.  All references to "Paragraphs" refer to the Paragraphs of the Complaint, and the numbered responses below parallel the Complaint's numbering system. Any allegations in the Complaint or the attachments thereto that is not specifically addressed below is hereby denied.

1

### AS TO THE ALLEGATIONS ENTITLED "NATURE OF THE COMPLAINT"

1. To the extent that the conclusory, summary allegations within this introductory section of the Complaint require a response, they are denied. Defendants further deny that Plaintiff is entitled to injunctive relief of any kind.

### AS TO THE ALLEGATIONS ENTITLED "THE PARTIES"

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 2, and accordingly deny the same.

3. Defendants admit the allegations in Paragraph 3.

4. Defendants admit the allegations in Paragraph 4.

### AS TO THE ALLEGATIONS ENTITLED "JURISDICTION AND VENUE"

5. Paragraph 5 contains statements and/or conclusions of law to which no response is required; however, Defendants admit that there is complete diversity between the parties, and Defendants deny knowledge or information sufficient to form a belief as to the Plaintiff's assertion that the amount in controversy exceeds the threshold requirement of 28 U.S.C. §1332. Defendants also admit that to the extent that "this Court" refers to the United States District Court for the Southern District of New York, the Plaintiff and the Defendants have stipulated to jurisdiction in this Court. Defendants deny that jurisdiction was proper in the Eastern District of Virginia, where this action was originally filed.

6. Paragraph 6 contains statements and/or conclusions of law to which no response is required; nonetheless, the Defendants specifically deny that venue is or was ever appropriate in any state or federal court in the Commonwealth of Virginia.

## AS TO THE ALLEGATIONS ENTITLED "BACKGROUND FACTS"

7. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7, and the same are therefore denied.

8. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8, and the same are therefore denied.

9. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9, and the same are therefore denied.

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and the same are therefore denied.

11. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11, and the same are therefore denied.

12. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12, and the same are therefore denied.

13. Defendants deny the allegations of Paragraph 13, and aver, upon information and belief, that Clepper's dates of employment with PrecisionIR were slightly different than those supplied.

14. Defendants admit the allegations of Paragraph 14.

15. Defendants admit the allegations of Paragraph 15.

16. Defendants admit that the allegations of Paragraph 16 state a summary of some of Clepper's duties. The remaining allegations of Paragraph 16 are denied.

17. Defendants admit the allegations of Paragraph 17 to the extent that Clepper had regular contact with "existing and prospective clients and vendors." The remaining allegations of Paragraph 17 are denied.

18. Defendants admit the allegations of Paragraph 18.

19. Defendants admit that the allegations of Paragraph 19 state a summary of some of Clepper's duties. The remaining allegations of Paragraph 19 are denied.

20. Defendants admit the allegations of Paragraph 20 to the extent that Clepper had regular contact with the some of the persons described. The remaining allegations of Paragraph 20 are denied.

21. Defendants admit that Clepper had access to certain information that was not available to the general public while he was employed by PrecisionIR. The remaining allegations of Paragraph 21 are denied.

22. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22, and the same are therefore denied.

23. Defendants admit that Clepper conducted relationships with clients and prospective clients of PrecisionIR while he was employed there. The remaining allegations of Paragraph 23 are denied.

24. Defendants admit that Clepper had contact with other PrecisionIR employees while he worked there, including Michael Slawter. The remaining allegations of Paragraph 24 are denied.

25. Defendants admit that Clepper resigned his employment with PrecisionIR on or about the date set forth in Paragraph 25.

26. Defendants deny the allegations of Paragraph 26.

27. Defendants admit that Clepper began employment with TalkPoint at least as early as June 2007.

28. Defendants admit the allegations of Paragraph 28.

29. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29, and the same are therefore denied.

30. Defendants admit the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31, and further state that they do not consider PrecisionIR and TalkPoint to be "direct competitors."

32. Defendants deny the allegations of Paragraph 32, and further state that the allegations are so vague as not to be capable of generating a response.

33. Defendants deny the allegations of Paragraph 33 as stated.

34. Defendants deny the allegations of Paragraph 34, and further deny that Clepper "solicited" Slawter at any time.

35. Defendants admit that Slawter left PrecisionIR to work for TalkPoint. Defendants deny that Clepper "solicited" Slawter at any time. The remaining allegations of Paragraph 35 are denied.

## AS TO THE ALLEGATIONS ENTITLED "CLEPPER'S EMPLOYMENT WITH PRECISIONIR"

36. Defendants deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 36, which are vague and use undefined terms, and the same are therefore denied.

37. Defendants admit the allegations of Paragraph 37.

38. Defendants admit that Clepper received compensation and benefits as an employee of PrecisionIR. Defendants deny the remaining allegations of Paragraph 38, and further state that they are unable to determine whether (in the apparent opinion of the Plaintiff and/or the drafters of the Complaint) Clepper was "well-compensated."

39. Defendants admit that Clepper had access to certain information that was not available to the general public while he was employed by PrecisionIR. The remaining allegations of Paragraph 39 are denied.

40. Defendants admit the allegations of Paragraph 40, to the extent that Clepper traveled on a limited basis within the United States on a few occasions as an employee of PrecisionIR. The remaining allegations of Paragraph 40, to the extent that they are inconsistent with the foregoing sentence of this response, are denied.

41. Defendants admit that Clepper had access to certain information that was not available to the general public while he was employed by PrecisionIR. The remaining allegations of Paragraph 41 are denied.

42. Defendants admit that Clepper had access to certain information that was not available to the general public while he was employed by PrecisionIR, and that Clepper, a salesperson, "cultivated . . . client relationships" in the course and scope of his employment with PrecisionIR. The remaining allegations of Paragraph 42 are denied.

### AS TO THE ALLEGATIONS ENTITLED "CLEPPER'S AGREEMENTS WITH PRECISIONIR"

43. Defendants admit that, near the beginning of his employment with PrecisionIR, Clepper signed an agreement containing a non-competition clause. Defendants further state that Exhibit "A" to the Complaint speaks for itself, and any allegations inconsistent therewith are hereby denied.

44. Defendants deny that all provisions of the "Non-Competition Agreement" remain in force; in fact, many of them have expired. Defendants further state that the provisions of the "Non-Competition Agreement" speak for themselves, and any allegations inconsistent therewith are hereby denied.

45. The provisions of the "Non-Competition Agreement" speak for themselves, and any allegations inconsistent therewith are hereby denied.

46. The provisions of the "Non-Competition Agreement" speak for themselves, and any allegations inconsistent therewith are hereby denied.

47. The provisions of the "Non-Competition Agreement" speak for themselves, and any allegations inconsistent therewith are hereby denied.

48. The provisions of the "Non-Competition Agreement" speak for themselves, and any allegations inconsistent therewith are hereby denied.

49. Defendants deny the allegations of Paragraph 49.

50. The provisions of the "Non-Competition Agreement" speak for themselves, and any allegations inconsistent therewith are hereby denied. The remaining allegations of Paragraph 50 are denied, in that Clepper took no "Confidential Information and Trade Secrets" with him when he left PrecisionIR. Defendants further state that they are not even aware what "Confidential Information and Trade Secrets" the Plaintiff claims Clepper was privy to.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants admit that Clepper works for TalkPoint. The remaining allegations of Paragraph 52 are denied.

53. Defendants deny the allegations of Paragraph 53, and specifically deny that Clepper undertook any activity that could be characterized as "raiding."

54. Defendants deny the allegations of Paragraph 54.

55. Defendants admit that Clepper received and signed an acknowledgment for a handbook he received while an employee at PrecisionIR. Defendants further state that Exhibit "B" to the Complaint speaks for itself, and any allegations inconsistent therewith are hereby denied.

56. Defendants state that Exhibit "B" to the Complaint speaks for itself, and any allegations inconsistent therewith are hereby denied.

## AS TO THE ALLEGATIONS ENTITLED "TALKPOINT INDUCED CLEPPER'S BREACH OF THE NON-COMPETITION AGREEMENT"

57.     Defendants deny the allegations of Paragraph 57, and deny that TalkPoint had any knowledge of, or should have had any knowledge of, Clepper's Non-Competition Agreement.

58.     Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64, and further state that TalkPoint has never engaged in any such behavior.

## AS TO THE ALLEGATIONS ENTITLED "TALKPOINT'S PRIOR ACCESS TO PRECISIONIR INFORMATION"

65.     Defendants admit that in 2005, agents of TalkPoint discussed a possible merger or other acquisition with representatives of the corporate predecessor of PrecisionIR.

66.     Any letters and/or agreements such as those referenced in Paragraph 66 speak for themselves, and any allegations inconsistent therewith are denied.

67.     Exhibits "C" and "D" to the Complaint speak for themselves, and any allegations inconsistent therewith are denied.

68. Defendants deny the allegations of Paragraph 68; in fact, the letters and/or agreements between the parties specifically provided that the obligations set forth therein would terminate automatically at the expiration of a certain period of time.

69. Defendants deny the allegations of Paragraph 69; Defendants further state that TalkPoint had no idea who Clepper was until Clepper contacted TalkPoint seeking employment, some two years later.

70. Defendants deny the allegations of Paragraph 69; Defendants further state that TalkPoint had no idea who Clepper was until Clepper contacted TalkPoint seeking employment, some two years later.

## AS TO THE ALLEGATIONS ENTITLED "COUNT I"

71. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 70 of the Complaint as though fully set forth herein.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

74. Defendants deny the allegations of Paragraph 74, and further state that Clepper is not in possession of any such information, nor can the Defendants even identify any such information from the vague descriptions provided in the Complaint, assuming any such information exists.

75. Defendants deny the allegations of Paragraph 75.

76. Defendants deny the allegations of Paragraph 76, and further state that while someone working for PrecisionIR could presumably have asked Clepper to do these things, no one (to this date) ever has.

77. Defendants deny the allegations of Paragraph 77, and restate that Clepper never "solicited" Slawter in any way.

78. Defendants deny the allegations of Paragraph 78.

## AS TO THE ALLEGATIONS ENTITLED "COUNT II"

79. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 78 of the Complaint as though fully set forth herein.

80. Defendants deny the allegations of Paragraph 80.

81. The "Non-Competition Agreement" speaks for itself, and any allegations inconsistent therewith are denied.

82. Defendants deny the allegations of Paragraph 82, and further state that the "PrecisionIR Associate Handbook" speaks for itself.

83. Defendants deny the allegations of Paragraph 83, and further state that Clepper has never used any such "information" or "trade secret" in any way.

84. Defendants deny the allegations of Paragraph 84.

85. Defendants deny the allegations of Paragraph 85.

## AS TO THE ALLEGATIONS ENTITLED "COUNT III"

86. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 85 of the Complaint as though fully set forth herein.

87. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 87, and the same are therefore denied.

88. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 88, and the same are therefore denied.

89. Paragraph 89 contains conclusions of law to which no response is required; to the extent that these allegations require a response, the same are hereby denied.

90. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90, and the same are therefore denied.

91. Defendants deny the allegations of Paragraph 91.

92. Defendants deny the allegations of Paragraph 92.

93. Defendants deny the allegations of Paragraph 93.

### AS TO THE ALLEGATIONS ENTITLED "COUNT IV"

94. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 93 of the Complaint as though fully set forth herein.

95. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 95, and the same are therefore denied.

96. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96, and the same are therefore denied.

97. Defendants deny the allegations of Paragraph 97.

98. Defendants deny the allegations of Paragraph 98.

99. Defendants deny the allegations of Paragraph 99.

100. Defendants deny the allegations of Paragraph 100.

## AS TO THE ALLEGATIONS ENTITLED "COUNT V"

101. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 100 of the Complaint as though fully set forth herein.

102. Defendants deny the allegations of Paragraph 102.

103. Defendants deny the allegations of Paragraph 103.

104. Defendants deny the allegations of Paragraph 104.

105. Defendants deny the allegations of Paragraph 105.

106. Defendants deny the allegations of Paragraph 106.

## AS TO THE ALLEGATIONS ENTITLED "COUNT VI"

107. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 106 of the Complaint as though fully set forth herein.

108. Defendants deny the allegations of Paragraph 108.

109. Defendants deny the allegations of Paragraph 109.

## AS TO THE ALLEGATIONS ENTITLED "COUNT VII"

110. Defendants hereby reincorporate and restate the responses, averments, and denials to Paragraphs 1 through 109 of the Complaint as though fully set forth herein.

111. Defendants deny the allegations of Paragraph 111.

112. Defendants deny the allegations of Paragraph 112.


WHEREFORE, Defendants request that this Court dismiss the Plaintiff's Complaint with prejudice, deny the Plaintiff's demand for any award or relief, deny the

Plaintiff's request for specific performance and all other equitable relief, award the Defendants their reasonable attorneys' fees and costs, and award the Defendants such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its alleged damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of accord and satisfaction and/or release.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by failure of consideration.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to plead the required elements of its claim for "breach of contract."

<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>

The Plaintiff has failed to plead the required elements of its claim for "civil conspiracy."

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

The Plaintiff has failed to plead the required elements of its claim for "statutory conspiracy."

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's causes of action are barred in whole or in part by the economic loss doctrine and the gist of the action doctrine.

<u>AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE</u>

No enforceable covenant or agreement not to compete between the parties was in force at any time relevant to the causes of action set forth in the Complaint.

<u>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</u>

The Plaintiff has failed to plead properly an action under the Virginia Uniform Trade Secrets Act.

<u>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>

The Plaintiff and TalkPoint do not "compete" in any real, legal sense.

<u>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>

The Plaintiff has suffered no irreparable harm.

<u>AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>

The Defendants at no time harbored any intent to commit any wrong against, nor breach any obligation that was allegedly owed to, the Plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages from the Defendants under any theory of law.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief may be granted.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant sets forth as additional Affirmative Defenses all other applicable affirmative defenses set forth in Fed. R. Civ. P. 8(c), and hereby gives notice that it will rely on such additional affirmative defenses as they become available or apparent during the discovery process in this action.

## JURY TRIAL DEMANDED

Defendants demand a trial by jury on all issues.

Dated: Philadelphia, Pennsylvania
July 31, 2008

/s/ Matthew J. Norris
Matthew J. Norris, Esq. (MN-9929)
GOLLATZ, GRIFFIN & EWING, P.C.
Four Penn Center, Suite 200
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103-2808
Attorneys for Defendants
Brent A. Clepper and
TalkPoint Holdings, L.L.C.

CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of August, 2008, I caused a true and correct copy of the foregoing Answer to be served on the following parties via the Court's electronic filing and case management system and via regular mail:

M. Kelly Tillery, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
Attorneys for Plaintiff Precision IR Inc.
tilleryk@pepperlaw.com


                _____/s/_____
                Matthew J. Norris